NOT DESIGNATED FOR PUBLICATION

Nos. 121,251
121,252

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE DANIEL BUTLER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 28, 2020. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6802(g) and (h).


Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.


PER CURIAM: Shane Daniel Butler appeals the district court's decision that revoked his probation and ordered him to serve his original sentences. We granted Butler's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded that it does not object to summary disposition, and it requests that we affirm the district court's judgment.


In May 2018, Butler pleaded guilty in case No. 18 CR 58 to two counts of forgery—severity level 8 nonperson felonies. His criminal history score for the offense was G. Given the severity of his crimes and his criminal history, our statutes raised a presumption that Butler would be granted probation at sentencing. See K.S.A. 2017

1

Supp. 21-6804(a). But Butler was already on probation for a prior felony and had committed his new crime while on felony bond. Thus, the district court could have relied on special rules to sentence Butler to prison rather than grant him probation. See K.S.A. 2017 Supp. 21-6604(f)(1), (4). But the district court did not do so. Instead, the court granted Butler 18 months' probation with an underlying 9-month prison term.

In September 2018, Butler pleaded guilty in case No. 18 CR 1316 to aggravated assault, fleeing or attempting to elude, interference with a law enforcement officer, and two counts of forgery. Butler's criminal history score then was E. The court sentenced Butler in October 2018, once again declining to apply the special rules. It granted him 24 months' probation with an underlying prison term of 46 months.

At the same time the district court sentenced Butler in 18 CR 1316, it sanctioned him for violating his probation in 18 CR 58. The court extended his probation term and ordered Butler to serve three days in jail.

In spring 2019, Butler's probation officer filed a warrant in each case, alleging Butler had violated his probation by committing new crimes. Butler admitted to the allegations and requested a 30- or 120-day sanction rather than serving the remainder of his underlying sentences. Butler argued that he would benefit from an intermediate sanction followed by drug treatment. Yet the district court denied his request and revoked Butler's probation, ordering him to serve the remainder of his underlying sentences consecutively.

Butler now appeals, arguing solely that the district court abused its discretion in revoking his probation and ordering him to serve his original prison sentences. He contends that instead of incarcerating him, a reasonable person would have acknowledged that he needed drug treatment and would have allowed him to obtain that treatment.

Once a probation violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court, (2) based on an error of law, or (3) based on an error of fact. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Butler bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

When a probationer violates the terms of probation, Kansas law generally requires imposition of an intermediate sanction, such as short periods of incarceration, followed by a return to probation, rather than being sent to prison to serve the sentence. K.S.A. 2018 Supp. 22-3716(c). But intermediate sanctions are not required when the probationer commits a new crime. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Butler admits that he had committed a new crime so the district court had statutory authority to revoke his probation.

Butler argues only that the district court acted unreasonably by not imposing an intermediate sanction which would allow him to seek drug treatment outside of prison. As noted earlier, unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Given the district court's forbearance—twice—by granting Butler probation at sentencing even though special rules would have allowed his immediate imprisonment, we find it unsurprising that the district court chose to revoke Butler's probation after he committed additional crimes. Butler could have sought and obtained drug treatment while he was on probation but did not choose to do so. Instead, he chose to commit new crimes despite the court's grace to him. Under the facts of record, we are not persuaded that no reasonable

person would have taken the view of the district court. As a result, we conclude the district court did not abuse its discretion.

Affirmed.